ARINKI *v.* STATE.

(*Nashville*, December Term, 1934.)

Opinion filed February 23, 1935.

CHARLES J. WALSH, of Memphis, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

■    Arinki has been convicted upon a special verdict of manufacturing whisky, and has appealed in error to this court.

Police officers testified that they entered his house, attracted by a peculiar smell, and found him operating a still from which a white liquor similar to corn whisky was issuing. A barrel of mash was also found on the premises. The officers, however, testified that, while the liquor looked like corn whisky, it had a different smell. A test by hydrometer of the liquor seized indicated that it had an alcoholic content of about 50 per cent.

Arinki testified that the beverage he was manufacturing was called Arak. He is an Assyrian, and it appears that this is a favorite beverage with those people. He said that an Easter celebration of his people had been arranged, to be had at Clarksdale, Miss., on a date shortly after the date of his arrest, and he had agreed to make the liquor. Arak is made from distilling a mash of raisins flavored with aniseed. Arinki said that the mash found was such a mash.

There was no proof indicating that Arinki was making this beverage for purposes of sale. He was unknown to the officers, had no police record, and proved a good character.

Upon this proof, we do not think the evidence sustains the conviction.

Section 11246 of the Code provides that "it shall not be lawful for any person to manufacture or attempt to manufacture any intoxicating whisky or brandy."

Section 11247 of the Code provides that "it shall be unlawful for any person to manufacture or attempt to manufacture, for purposes of sale, any intoxicating liquor, including all vinous, spirituous, or malt liquors."

Thus it is unlawful to manufacture any intoxicating liquor for purposes of sale. If not for purposes of sale, it is only unlawful to manufacture whisky and brandy.

The acts of the Legislature, from which these sections of the Code are taken, plainly sustain this construction. By chapter 10 of the Acts of 1909, the manufacture of all intoxicating liquors for purposes of sale was prohibited, except alcohol of not less than 188 proof for chemical, pharmaceutical, medical, and bacteriological purposes. By chapter 14 of the Public Acts of 1923 the words "for purposes of sale" were eliminated from the previous act, but the act of 1923 contains a proviso that the amended act (for purposes of sale omitted) should only apply to whisky and brandy.

Under no definition of whisky that we have seen can this liquor Arak be included. Whisky is made from various grains and from potatoes. It is not made from raisins. A liquor distilled from raisins would be more like brandy. Since the provisions of section 11246 of the Code are directed solely against the manufacture of whisky and brandy, a correct description of the liquor which a defendant is charged with manufacturing is im-

portant. The character of the liquor is an ingredient of the offense.

It results that we find nothing in our laws against the manufacture of Arak for the personal use of a man and his friends, and the judgment of conviction is reversed.